UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE ANN WEST, | CASE NO. C17-5366 RBL |
| Plaintiff, | ORDER ON REVIEW OF REFUSAL TO RECUSE |
| v. | |
| SEAN J STACKLEY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to recuse U.S. District Judge Ronald B. Leighton. Dkt. #7.[1] Upon review of the motion, Judge Leighton declined to recuse himself. Dkt. #15. In accordance with the local rules of this district, Plaintiff's motion was referred to the Undersigned for a review of Judge Leighton's refusal to recuse. LCR 3(e).

Plaintiff bases her motion to recuse on two grounds: (1) that Judge Leighton is "mentioned as an [*sic*] 'MOST HOSTILE WITNESS' in EEO COMPLAINT NO. 16-4523A-02816 A CLASS ACTION CASE IN COURT" (dkt. #7 at 1; emphasis in original), and (2) a series of unfavorable rulings that Judge Leighton has issued in her cases, ranging from refusal to grant motions to proceed *in forma pauperis* to dismissal. *Id.* at 2-6.

---

[1] Plaintiff has filed an identical motion in the following cases: C17-5273RBL, C17-5366RBL, C17-5367RBL, C17-5368RBL, and C17-5426RBL; in each instance the presiding judge has declined to recuse voluntarily.

ORDER ON REVIEW OF REFUSAL TO RECUSE-
1

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Plaintiff cites no other reasons or evidence in support of her position than Judge Leighton's having been named as a "hostile witness" in a legal action in California and her dissatisfaction with his prior rulings. This is insufficient to form the basis of a valid request for recusal.[2]

---

[2] In his Order Denying Motion to Recuse, Judge Leighton makes reference to a third allegation concerning his alleged relationship with "Attorney Alison Louise McKay" which apparently

In the first place, a judge's conduct in the context of this or previous judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued adverse rulings against a party.

In order to overcome this presumption, Plaintiff would have to show that facts outside the record influenced decisions or that the judge's rulings were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts outside the record that improperly influenced the decisions in her matters. Outside of her general, conclusory accusations, Plaintiff cites to no specific rulings that are either outlandish or irrational or in any way give rise to an inference of bias.

In the second place, Plaintiff cites to no authority (and this Court knows of none) which holds that naming a judge as a witness or party in another lawsuit entitles a complainant to have that judge removed from pending litigation. If that were the case, all a disgruntled litigant would have to do to rid himself or herself of a judge presiding over their case would be to name that judge as a witness or defendant. This is not the state of the law.

The Court finds no evidence upon which to reasonably question Judge Leighton's impartiality and AFFIRMS his denial of Plaintiff's request that he recuse himself.

The Clerk SHALL provide copies of this Order to Plaintiff and to all counsel of record.

Dated this 11 day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

appears in other filings of Plaintiff's. Dkt. #15 at 3. Since it is not a ground alleged in the motion before this Court, this order will not concern itself with that allegation.