UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOE ANN WEST, | CASE NO. C17-5366RBL |
| Plaintiff, | ORDER |
| v. | |
| SEAN J STACKLEY, Secretary of the Department of the Navy, | |
| Defendant. | |

THIS MATTER is before the Court on Defendant Stackley's Motion to Dismiss [Dkt. #19], and on Plaintiff West's Motions for a Conference [Dkt. #22], and to Recuse U.S. Attorney Annette Hayes [Dkt. #23]. This is one of nine[1] cases West has filed this year related to her employment at the Puget Sound Naval Shipyard in Bremerton, which ended in August 2016.

---

[1] The cases are:

*West v. Stackley*, C17-5246RBL,
*West v. Stackley*, C17-5273RBL,
*West v. Stackley*, C17-5366RBL,
*West v. Stackley*, C17-5367RBL,
*West v. Stackley*, C17-5368RBL,
*West v. Sessions*, C17-5426RBL,
*West v. Stackley*, C17-5510RBL.

Two prior cases (purported class actions) against the prior Secretary of the Navy, *West v Mabus*, C16-5191RBL and *West v Mabus*, C16-5204RBL, were dismissed.

ORDER - 1

Each generally complains about race, color and disability discrimination, and retaliation for complaining about discrimination. The complaint in this case is particularly difficult to understand. It appears to be based both on allegations about what others in the Navy did to her, and on allegations that the Navy's nuclear fleet is out of compliance with various regulations. West claims that "Code 740 Loft Rigger Mechanic Robert M. Herman's" nuclear qualification expired, with severe consequences:

> Any/all and every AOE equipment of the carriers, submarines any/all vessels or ships Code 740 Loft Rigger Mechanic Robert M. Herman has signed, performed maintenances, inspections, repairs, testing (s), certifications or re-certifications are uncertified from the date his nuclear qualification (s) expired to present date of this equal employment opportunity informal complaint. Per Department of Defense-Department of the Navy-Puget Sound Naval Shipyard & IMF-4523A the Nuclear Program (s) are immediately in the "REDZONE". Infinite accidents have occurred and a full complete verbatim investigation must be implemented. Any/all and every Code 2300 Documents, TGI'S, Technical Work Documents and Special Purpose (SPS) equipment Documents/TGI'S/Technical Work Documents are to be put in a steadfast status and are not to be altered or are not to be changed/are not to be destroyed or are not to be concealed.

[Dkt. # 1 at 9] The relationship between the conclusory allegations personal to her and the broader allegations about naval readiness is not clear.

Stackley moves for dismissal for lack of subject matter jurisdiction on most of West's claims, and for failure to state a plausible claim as to all of them. He argues persuasively that West's constitutional claims against the United States (and the Navy, and its Secretary, sued in his official capacity) are barred by sovereign immunity, and it is well-established that the United

States has not waived this immunity. *See FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (the United States has not waived its sovereign immunity for constitutional claims). And West's claims against the Secretary fail because she has not alleged that he personally participated in any alleged violation. Indeed, West makes only one allegation about Stackley:

```
SEAN J. STACKLEY is the Acting Secretary of the United States
Navy.  As an employer of the Federal Government, the defendant
is empowered to prescribe regulations for the operation of the
Department of the Navy and the conduct of its employees, and is
subject to the anti-discrimination provisions of Title VII of
the Civil Rights Act of 1964, as amended.
```

[Dkt. #1 at paragraph 3.2] This seems to be an argument that the Navy or its Secretary is vicariously liable for the constitutional and other violations West claims.

Stackley also points out that West's ADA claim cannot be asserted against her federal employer. *Maish v. Napolitano*, Case No. 12-581-RAJ, 2013 U.S. Dist. LEXIS 153174 (W.D. Wash. Oct. 24,2013) (*citing* 42 U.S.C. § 12111(5)(B)(i) (the federal government is not an "employer" for purposes of the ADA)).

Stackley argues that West's other allegations fail to articulate any facts that would support her repeated, conclusory allegations that various individuals "discriminated" or "retaliated" against her, or how, or why.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts,

conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id.*

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

West's response to the motion articulates three slightly different claims: she appears to claim retaliation for filing three EEO complaints, related to sexual harassment, asbestos exposure, and the use of uncertified gear to work on ships. The bulk of her response is dedicated to the latter issue, but the relationship between those alleged violations and her discrimination or retaliation claims remains unclear.

1      West also complains (again) that the attorney representing the moving party submitted a "prefabricated" **PROPOSED** order granting the relief she sought (dismissal), and in doing so ordered Judge Bryan (?) to "follow her written directions to dismiss." This argument is misguided and specious.

     The Response does not address or remedy Stackley's arguments, or the fatal flaws in West's complaint. She does not tie any of the "violations" she claims to any one person, much less to the defendant she sued, Stackley.

     West's claims are purely conclusory and they are not plausible, no matter how liberally they are construed. West has already filed nine lawsuits and at least 100 motions, requests or responses in this court this year, and not one of them articulates a plausible claim. There is nothing that she could add or alter in yet another bite at the apple that would cure these fatal defects. The Motion to Dismiss is GRANTED, and West's claims in this matter are DISMISSED with prejudice and without leave to amend.

     West's own motions (filed in multiple cases) [Dkt. #s 22 and 23] are DENIED as moot.

     IT IS SO ORDERED.

     Dated this 19th day of September, 2017.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge